UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL L. WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-2572 (UNA) |
| | ) | |
| UNITED STATES SOLICITOR GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court GRANTS plaintiff's application to proceed *in forma pauperis* (ECF No. 3) and for the reasons discussed below, DISMISSES the complaint (ECF No. 1) and this civil action without prejudice.

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As drafted, plaintiff's complaint fails to meet the minimal pleading standard set forth in Rule 8(a).  Referring to an article published in a newspaper in 2010, plaintiff contends that the actions or inaction of a prosecutor in California warrant investigation.  *See* Compl. at 1.  There are no factual allegations regarding the prosecutor's alleged missteps, however, and the complaint fails to set forth a basis for the Court's jurisdiction and to provide a short and plain statement of a viable legal claim for relief this Court may order.  Furthermore, a plaintiff may not compel a criminal investigation by any law enforcement agency by filing a civil complaint.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Therefore, the Court will dismiss the complaint and this civil action without prejudice.  An Order is issued separately.


DATE: January 19, 2023                                    /s/
                                                                            CHRISTOPHER R. COOPER
                                                                            United States District Judge